IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| LAKE GENEVA SHOPPING CENTER, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-4167-CV-C-NKL |
| WAL-MART STORES, INC. d/b/a WAL-MART REAL ESTATE BUSINESS TRUST, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Pending before the Court is Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion to Transfer Venue [Doc. # 8]. For the reasons set forth below, the Court grants Wal-Mart's Motion.

**I.    Background**

The parties' dispute arises from Wal-Mart's lease of property that is owned by Lake Geneva Shopping Center, L.L.C. ("Lake Geneva"). The property that was the subject of the lease is located in the City of Lake Geneva, Wisconsin.[1] The lease provided: "This Lease shall be construed under and governed by the law of the State in which the Premises are located." The lease also stated that Wal-Mart could not allow a

---

[1] Lake Geneva is located in Walworth County, which is within the jurisdiction of the United States District Court for the Eastern District of Wisconsin. *See* 28 U.S.C. § 130(a).

1

mechanic's lien to attach to the property.

In its Complaint, Lake Geneva alleges that Wal-Mart violated their lease agreement when it wrongfully allowed a general contractor to file a mechanic's lien against the property. Lake Geneva alleges that the mechanic's lien caused a seven-week delay in refinancing the property and led to monetary damages exceeding $100,000. Lake Geneva's Complaint also includes a claim for slander of title.

Wal-Mart does not dispute that its general contractor filed a mechanic's lien against the property in question. However, Wal-Mart asserts that the mechanic's lien violated Wisconsin law because the general contractor should have proceeded against Wal-Mart's payment bond--not the property itself. Wal-Mart disputes that any damages arose from the lien but it has demanded that the general contractor indemnify it for any damages that Lake Geneva may have sustained. The general contractor would like to seek indemnification from the subcontractor who was responsible for the initial filing of the lien. However, the subcontractor is a Wisconsin corporation that is not amenable to service of process in Missouri.

Lake Geneva initially filed its complaint in the Circuit Court for Boone County, Missouri. Wal-Mart subsequently removed Lake Geneva's Complaint to this Court and now moves the Court to transfer this action to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404.

**II.    Discussion**

This Court may transfer an action to another district if two requirements have been

2

met. First, the proposed transferee district must be one in which the action "might have been brought." The parties do not dispute that this action could have been commenced in the Eastern District of Wisconsin; therefore, this prong of the analysis is satisfied.

Second, the transfer must be for the "convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Courts consider the following factors in weighing whether to transfer venue to another district: (1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence; (7) the relative familiarity of the courts with the applicable law; and (8) the interests of justice, including the interests of trial efficiency. *Goggins v. Alliance Capital Management, L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003).

After considering the foregoing factors, the Court finds that transfer of this case is in the best interests of the parties and witnesses. Lake Geneva's Complaint against Wal-Mart involves property that is situated in Wisconsin and all of the operative facts underlying the dispute occurred in Wisconsin. Moreover, Wisconsin law will govern both Lake Geneva's affirmative claims as well as Wal-Mart's indemnification claims against its contractors and the Wisconsin court is better situated to apply that law to this case.

Additionally, almost all of the evidence in this case is located in Wisconsin, including documents that are related to the lien and witnesses for Wal-Mart and its

3

contractors. Lake Geneva points to three witnesses that it intends to call to support its claim, but only two of them are located in this District and they are both employed by Lake Geneva. Lake Geneva states that it is amenable to telephone depositions and there is no reason its two witnesses cannot be deposed by this method as opposed to deposing all of the witnesses in Wisconsin via this method.

Finally, Wal-Mart and its general contractor intended to pursue indemnification from the subcontractor whose wrongful mechanic's lien was the alleged impetus for this dispute. That subcontractor is not amenable to service of process in this District and, as a result, if Wal-Mart pursued indemnification from the subcontractor, it would have to file a separate action in Wisconsin after this case is resolved. Such litigation would be duplicitous and inefficient.

The Court recognizes that considerable deference is to be given to a plaintiff's choice of forum, especially where, as here, the plaintiff is a resident of the judicial district where the suit originates. *Terra International, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997); *Kansas City Power & Light Co. v. Kansas Gas and Electric Co.*, 747 F. Supp. 567, 573 (W.D. Mo. 1990). However, because all of the actions forming the basis for the present suit occurred outside of this District, Lake Geneva's choice of forum is given less weight. *See Spherion Corp. v. Cincinnati Financial Corp.,* 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002). This is particularly so given that the dispute involved real estate located in a different jurisdiction.

**III. Conclusion**

4

Accordingly, it is hereby

ORDERED that Wal-Mart's Motion to Transfer Venue [Doc. # 8] is GRANTED. This case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

        s/ Nanette K. Laughrey
        NANETTE K. LAUGHREY
        United States District Judge

DATE: August 30, 2005
Jefferson City, Missouri